UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4096

ZACHARY NEAL CAMPBELL,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William B. Traxler, Jr., District Judge.
(CR-96-504-WBT)

Submitted: June 19, 1997

Decided: July 7, 1997

Before WILKINS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michele S. Nelson, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Zachary Neal Campbell appeals from his conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Campbell's attorney has filed a brief in accordance with Anders v. California , 386 U.S. 738 (1967), addressing whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Campbell's guilty plea and whether the court improperly denied Campbell's motion to withdraw his guilty plea. Counsel asserts that there are no meritorious issues for appeal. Campbell was notified of his right to file an additional brief, but has not done so. We affirm.

The district court accepted Campbell's guilty plea in full compliance with Fed. R. Crim. P. 11. The court personally addressed Campbell, insuring that he understood the nature of the charges to which the plea was offered, the minimum and maximum sentences available, his possible guidelines sentence, his mental competency, and his various rights. Id.; United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Based on the exchange, it is evident that Campbell made a fully informed and voluntary plea.

Campbell acknowledged that he signed the plea agreement, understood the nature and consequences of his plea, discussed the case with counsel, and the plea was freely and intelligently made. The government made a proffer of proof of what would have been shown had the case gone to trial, to which Campbell did not object. Based on Campbell's statements and actions, the district court accepted Campbell's plea as a knowing and voluntary plea supported by an independent basis in fact. After a complete review of the record, we conclude that the district court complied with all provisions of Rule 11.

Campbell next contends that the district court erred in denying his motion to withdraw his guilty plea. Campbell maintains that he was induced into pleading guilty by statements made by a U.S. marshal the day of the hearing. At least four of the guiding factors announced by this court in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), weigh against Campbell's claim. There was no infirmity in the

plea; there has been no credible assertion of innocence; counsel for Campbell performed competently; and the Government would be prejudiced if the plea were withdrawn because its primary witness died the day of the plea hearing. The district court did not abuse its discretion in finding that Campbell's allegations were insufficient to establish that his plea was involuntary and consequently in denying Campbell's motion to withdraw his guilty plea. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

3